RELIABLE CLOAK COMPANY, complainant,

*v.*

CLARA SORBELLA, CLEMENTINA SORBELLA, ROSE SORBELLA et al., defendants.

[Determined June 20th, 1924.]

**Strikes—Injunction—Attachment for Contempt—Order in Case of Some Defendants, Dismissals in that of Others.**

On bill for injunction. On order to show cause in contempt.

*Messrs. Cole & Cole,* for the complainant.

*Mr. Walter S. Keown,* for the defendants.

INGERSOLL, V. C.

On August 6th, 1923, the complainant filed an affidavit, upon which an order to show cause was granted. This order was returnable on August 14th, 1923.

An affidavit was filed proving service on Hyman Adler, Caroline Walf, Henry Myers, Lewis Morellia, Marie Watson, Clara Sorbella, Rose Sorbella, Morris Domsky, Lillian Boody and Morris Emidor.

At the hearing affidavits were filed by the defendants, and the case was held under advisement, the restraint continuing in force.

On the 30th day of August, 1923, an order was granted that Clara Sorbella, Clementina Sorbella, Marie Watson and Henry Myers show cause why they should not be attached in contempt for alleged violation of the order to show cause, dated August 6th, 1923.

This was heard on the return day, a considerable volume of testimony taken, and was also held under advisement.

While the matters were under consideration, another petition and affidavits were presented on November 24th, 1923, upon which an order was made directing Clara Sorbella, Clementina Sorbella, Rose Sorbella, Marie Watson, Emma Newton, Josephine Penine, Marie DeLuca, Anna Grossman, Frances Vedesta, Henry Myers, Francis Viditsky, Lillian Boody, Elizabeth Flannigan and Evelyn Christofon show cause why they should not be attached for contempt for violating said original order to show cause. This was heard on December 11th, 1923.

Under the circumstances, I deemed it advisable to procure a transcript of all the testimony. The securing of the transcript and the consideration thereof has consumed much time.

The original affidavits filed by the complainants presented sufficient facts to authorize the issuance of the restraint. The

voluminous affidavits presented by the defendants are denials of the charges of the complainant. The only question in my mind at the time of the hearing was whether, upon an examination of the affidavits presented by the defendants, the court could accept them at their face value. They were too strong. In fact, so strong that they showed evidence, in some instances, at least, of untruthfulness. I am compelled to find that the affidavits of the complainants are more than sufficient to carry the burden of proof necessary.

It should here be said that my findings are based upon the affidavits as presented, but the testimony presented by the defendants, in answer to the remaining orders to show cause, confirm these findings of facts.

These proceedings in contempt being *quasi*-criminal, I am compelled to find that the complainants have not produced sufficient testimony for me to convict the parties named in the order to show cause, dated August 30th, 1923, and they are therefore discharged in so far as that order is concerned.

The testimony produced at the hearing of the last order to show cause is convincing, that the greater, if not the entire, responsibility of the occurrences since the original order to show cause is upon the heads of several persons who are volunteers (although paid by someone interested in the conduct of the strike). Henry Myers and Marie Watson, who were not original strikers, and who never had worked at the plant according to their testimony, although one of the members of the firm testified that Marie Watson had worked a short time (a day or so) for them, are in this class.

Carolyne Wolfe may, perhaps, also be placed in this same category. She states that her interest in the matter is purely humane; that she is remunerated for her actual expenses.

I do not find the attack alleged to have been made by Clara Sorbella and Rose Sorbella sufficiently connected with the individuals as strikers, and they are discharged.

There can be no question but that Marie Watson, Emma Newton, Francis Viditsky and Henry Myers had full knowledge and notice of the original restraint.

Court of Chancery—Reliable Cloak Co. v. Sorbella.

I have eliminated the question of the throwing of a brick by Elizabeth Flannigan, and of a piece of concrete by Francis Viditsky. These acts, although inexcusable, were, apparently, provoked by the attempt of some person or persons to obtain their photographs.

Marie Watson, as one witness expressed herself, is "the figure," another said "Marie Watson is the one always picking on me. She call me names. She is down there first one in the morning. * * *." "Always hollering at me, you dirty scab, lousy scab. Ought to be ashamed to work in the dirty place—bastards. Skunk of the ———— ————." Especially Marie Watson, she hollers and screams at the top of her voice. You can hear her a block away * * *." Another witness testified, "Marie Watson, she said, 'You will get another black eye if you don't stay out of that place, you dirty, striking, rotten scab.'"

The testimony concerning Emma Newton is but little less effective than that about Marie Watson. I am not impressed with her denial of the charges made against her.

Henry Myers, although, apparently, one of the present leaders of the strike, has in all instances, except that concerning the assault by the Sorbellas, refrained from any act which could be taken to be a violation of the restraint. Having found those who were charged with the assault not guilty of a violation of the restraint in that matter, Myers must be discharged. The result is that the restraint will be made permanent; that Marie Watson and Emma Newton will be found guilty of contempt, and the other defendants be discharged.